## MITCHELL v. WESTERN CASUALTY & GUARANTY INS. CO.

(Court of Civil Appeal of Texas. Galveston. Jan. 19, 1914.)

EXEMPTIONS (§ 48*) — "CURRENT WAGES" — PROCEEDS OF INSURANCE—"WAGES."

Const. art. 16, § 28, provides that no current wages for personal service shall be subject to garnishment, and Rev. Civ. St. 1911, arts. 3785, 3788, exempt from garnishment "current wages for personal services." Held, that current wages as so used means such as are to be paid periodically, or from time to time as the services are rendered, as where they are paid for by the hour, day, week, month, or year; the term "wages" meaning compensation to be given to a hired person for services, and did not include a liquidated demand for settlement of a liability of an insurance company to a wage earner for loss of wages due to sickness or accident, though the premiums had been paid from wages which were exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 64–72; Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 2, p. 1795; vol. 8, pp. 7369–7373, 7831.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by George C. Mitchell against the Western Casualty & Guaranty Insurance Company, garnishee. From a judgment dismissing the garnishment, plaintiff appeals. Reversed and remanded.

Jones & Jones, of Houston, for appellant. Thomas B. Lewis, of Houston, for appellee.

McMEANS, J. This suit originated in the justice court. George C. Mitchell, appellant, having an unsatisfied judgment against W. T. Holt, sued out a writ of garnishment against the Western Casualty & Guaranty Insurance Company, and the writ was duly served. From a judgment rendered upon a trial in the justice court, an appeal was perfected to the county court, where, upon a trial in that court, judgment was rendered against Mitchell and in favor of the garnishee and the judgment debtor, who had intervened. From this judgment, Mitchell has appealed.

W. T. Holt earned his living by daily labor, and his average earning capacity was about $2.50 per day, or about $75 per month. His wages furnished the means by which he supported himself and family. In view of the uncertainty of his health and the possibility of accident, either of which might temporarily affect or destroy his earning capacity, he applied for and secured from the appellee, Western Casualty & Guaranty Insurance Company, a policy, by the terms of which the insurance company agreed to pay to him a sum about equal to his wages during such period as he should be temporarily disabled to earn wages on account of sickness or accident. On January 27, 1912, while the policy was in force, Mr. Holt sustained an accidental injury, on account of which he was temporarily incapacitated to work and earn wages, and by the terms of the policy he was entitled to receive from the insurance company the sum of money therein provided for during the period of his disability. The premium of the policy was paid out of wages earned by him. Before the issuance and service of the writ of garnishment the insurance company paid to Mr. Holt a certain amount of money to be applied in settlement of his claim against it, and thereafter he claimed further injuries, and demanded further compensation, and, in order to avoid the expense of litigation, a compromise was effected, whereby the insurance company agreed to pay to Mr. Holt the sum of $105 upon the execution by him of a good and valid release; but before the release was executed, and the draft drawn for the payment of said sum had been delivered, the writ of garnishment was issued and served upon the insurance company.

The court, in its judgment, found that the fund in the hands of the garnishee was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a liquidated demand, but that such fund was current wages for personal service, and not subject to garnishment. This last finding is attacked by appellant in his first assignment of error; his contention being that the amount due and owing by the insurance company to Mr. Holt did not accrue to him as current wages earned by him, but was an ordinary indebtedness which had accrued under the terms of the policy, and, as such, was subject to garnishment.

The Constitution declares that "no current wages for personal services shall be subject to garnishment" (article 16, § 28), and the statute exempts from garnishment "current wages for personal services (articles 3785, 3788, Revised Statutes 1911). "Current wages" has been judicially defined to be such as are to be paid periodically, or from time to time as the services are rendered, as where the services are paid for by the hour, day, week, month, or year. Bank v. Graham & Lewis, 3 Willson, Civ. Cas. Ct. App. § 462. In the case cited it is said: "In the use of the word 'current' our constitutional and statutory provisions differ from such exemption in most of the states. Freeman on Executions, par. 234. Significance must be given to it as well as the word 'wages.'" "Wages" are the compensation to be given to a hired person for service, and the same is true of salary. Bell v. Indian Live Stock Co., 11 S. W. 346, 3 L. R. A. 642. So that which is exempted is the compensation paid to a hired person for personal services rendered to his employer. In the case last cited it is held that wages voluntarily left in the possession of the employer after they became due ceases to be "current," and are not exempt. In Davidson v. Logeman Chair Co., 41 S. W. 824, it is held that, "whenever the wages become subject to the control of the employé, and he voluntarily leaves them with his employer, or collects and deposits them with some one else, he has robbed them of their character as current wages, and the protection extended to them by the Constitution and statute is lost." Such being the character of the exemption given to the wage earner, it is not perceived how the constitutional and statutory provisions referred to can be construed to exempt to a wage earner, not wages, current or otherwise, but a sum of money due upon a contract to indemnify him against the loss of wages he has never earned. The exemption is "current wages for personal services," and the Constitution and statutes cannot be extended by judicial construction to embrace an exemption not fairly coming within their terms.

Appellee Holt argues that he "exchanged exempt property, wages, for a contract that entitled him to wages when, because of sickness or accident, he could not work; he paid for the right to collect a sum in lieu of his wages in the place of his wages, for enough to exist on"; and, from this and similar argument, contends that, as the contract took the place of the wages he would have earned except for the accident that deprived him of the ability to earn them, the money due thereon became exempt in lieu of wages. This argument may be strong reason why the Legislature should have created the exemption in the first instance; but a sufficient answer to it is that the Legislature did not do so. In Turner v. Cross & Eddy, 83 Tex. 224, 18 S. W. 578, 15 L. R. A. 262, Chief Justice Stayton, speaking for the Supreme Court, said: "It is the duty of a court to administer the law as it is written, and not to make the law, and, however harsh a statute may seem to be, or whatever may seem to be its omissions, courts cannot on such considerations by construction restrain its operations, or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government." In Campbell, Receiver, v. Cook, 86 Tex. 634, 26 S. W. 488, 40 Am. St. Rep. 878, Justice Brown of the Supreme Court quotes with approval from section 430, Sutherland on Statutory Construction, as follows: "Liberal construction is given to suppress the mischief, and advance the remedy. For this purpose, as has already been said, it is a settled rule to extend the remedy, as far as the words will admit, that everything may be done in virtue of the statute in advancement of the remedy that can be done consistent with any construction. Where its words are plain, and clearly define its scope and limit, construction cannot extend it, or where the language is so explicit as to exclude any reasonable inference that such extension was intended." In the same case the following is quoted with approval from Lord Brougham: "If we depart from the plain and obvious meaning, we do not construe the act, but alter it. We supply a defect which the Legislature could easily have supplied, and are making the law, and not interpreting it."

It is unnecessary to multiply authorities upon this question. The law is expressed in plain words, and must be taken and enforced by the courts according to its terms. The money garnished in this case was not current wages for personal services, and was not exempt from garnishment, and the court should have so found. The judgment of the court below is reversed, and judgment here rendered for the appellant.

Reversed and rendered.