AMERICAN NAT. BANK OF FT. WORTH
v. STRONG. (No. 7739.)

(Court of Civil Appeals of Texas. Dallas. July 1, 1916. Rehearing Denied Oct. 14, 1916.)

1. EXECUTION ⟨⟩172(6)—TEMPORARY INJUNCTION—AFFIDAVITS—POSITIVENESS.
Upon petition for temporary injunction restraining the sale under execution of lands, affidavits annexed to the petition, stating that the land was exchanged by petitioner for his homestead, were sufficient to authorize the injunction, although one of them stated such facts not positively but as true to the best of affiant's knowledge and belief.
[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 536, 537; Dec. Dig. ⟨⟩172(6).]

2. INJUNCTION ⟨⟩122—TEMPORARY INJUNCTION—AFFIDAVITS—POSITIVENESS.
The verification of a petition for a writ of injunction should state positively that the grounds alleged therein are true.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ⟨⟩122.]

3. HOMESTEAD ⟨⟩209—PROCEEDS OF HOMESTEAD — LAND EXCHANGED — LEVY WITHIN SIX MONTHS.
Where levy of execution upon land exchanged for homestead of the judgment debtor is made within six months after the exchange, sale thereunder will be restrained by injunction, although the six months has expired; the levy made within such time being wholly ineffectual.
[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 389, 390; Dec. Dig. ⟨⟩209.]

Appeal from District Court, Van Zandt County; R. W. Smith, Judge.

Suit by Sterling P. Strong against the American National Bank of Ft. Worth. From an order granting temporary injunction, defendant appeals. Affirmed.

Bryan, Stone & Wade and W. C. Blalock, all of Ft. Worth, for appellant. Gibbard & Tisdale, of Wills Point, for appellee.

RAINEY, C. J. This is an appeal from an order of the district judge of Van Zandt county, Tex., granting a temporary injunction restraining the sale of certain lands under execution. The petition shows that the appellee, Strong, exchanged his homestead for the land; that within six months of said exchange the appellant bank caused an execution issued by virtue of a judgment against Strong and others to be levied on same, and the land was to be sold by virtue of such execution.

[1] The appellee's affidavit to the petition was that the allegations were true to the "best of his knowledge and belief." In addition to appellee's affidavit were two affida-

vits of other parties which stated that to their knowledge the land was exchanged for the homestead, and one of them states that no money was paid by appellee in the exchange. ⟨⟩

[2] The verification of a petition for the writ of injunction was to show that the grounds alleged therein are true. The affidavit of appellee was defective in not stating positively the allegations were true, but we think the other affidavits annexed to the petition were sufficient to authorize the action of the judge in granting the writ.

[3] Appellant urges that the six months allowed for the disposition of the land has expired and the injunction should be dissolved. The levy of the execution was made within the six months after the exchange and is ineffectual, if the land was acquired in exchange for a homestead. Witt v. Teal, 167 S. W. 302. Therefore as to this injunction it will not be dissolved, but the action of the lower court will be affirmed.

Affirmed.