## GADDY v. FIRST NAT. BANK OF BEAUMONT. (No. 925.)

(Court of Civil Appeals of Texas. Beaumont. March 30, 1923. Rehearing Denied April 28, 1926.)

1. Exemptions ☞37—Statute exempts compensation allowed under Workmen's Compensation Act from garnishment, etc., after its reception, by party entitled thereto (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3; Rev. St. 1911, arts. 306, 3785–3788; Pension Act; Rev. St. U. S. § 4747 [U. S. Comp. St. § 9080]; Const. art. 16, § 50).

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3, exempting all compensation allowed under Workmen's Compensation Act from garnishment, etc., despite construction of Rev. St. 1911, arts. 306, 3785–3788; Pension Act (Rev. St. U. S. § 4747 [U. S. Comp. St. § 9080]), Const. art. 16, § 50, exempts funds so received after reception by party entitled thereto and placed in bank on deposit to his credit.

2. Statutes ☞184—In construing statute, court must keep in mind evil to be remedied and object to be accomplished.

In arriving at intent of Legislature in enacting a law, court must keep in mind evil to be remedied and object to be accomplished.

3. Statutes ☞181(1).

Intention and meaning of Legislature must primarily be determined from language of statute itself.

4. Statutes ☞194—General words are to have a general operation in construing statutes, unless manifest legislative intent was to restrict them.

In construction of a statute, general words are to have a general operation, unless manifest intention of Legislature affords grounds for qualifying or restricting them.

5. Exemptions ☞4—Master and servant ☞348—Exemption statute and workmen's compensation statute are to be liberally construed (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3).

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3, exempting compensation allowed under Workmen's Compensation Act from garnishment, etc., and workmen's compensation statutes, are to be liberally construed.

6. Exemptions ☞4—Exemption statute, being remedial, should be given most liberal construction of which it is capable (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3).

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—3, exempting all compensation allowed under Workmen's Compensation Act from garnishment, etc., being remedial, should be given most liberal construction of which it is capable.

7. Exemptions ☞4—Circumstances and necessities for enactment of exemption statute must be considered, and statute given fair interpretation with view of effecting its purposes (Vernon's Ann. Civ. St. Supp. 1918, art: 5246—3).

Circumstances and necessities for enactment of Vernon's Ann. Civ. St. Supp. 1918, art: 5246—3, exempting all compensation allowed under Workmen's Compensation Act from garnishment, etc., and subject-matter and general purpose of act, must be considered and kept in view, and statute given a fair and reasonable interpretation with a view to effecting its purpose.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Suit by J. H. Gaddy against George Lee, in which the First National Bank of Beaumont was garnisheed. Judgment for garnishee in justice court was affirmed on appeal to county court, and plaintiff appeals. Affirmed.

Certified questions answered by Supreme Court (283 S. W. 472).

A. Ludlow Calhoun, of Beaumont, for appellant.

Howth & O'Fiel, Smith & Crawford, and B. F. Pye, all of Beaumont, for appellee.

O'QUINN, J. J. H. Gaddy, appellant, filed suit in a justice court of Jefferson county against George Lee, claiming an indebtedness against him of $95.20, and recovered judgment for $57.20. Gaddy appealed to the county court at law for said Jefferson county, and in that court recovered judgment for $95.20, with interest, totaling $105.34. Pending the original suit, Gaddy secured a writ of garnishment and had same run on the First National Bank of Beaumont, garnishee herein. The bank answered, admitting that it was indebted to the said George Lee in the shape of a deposit with it of an amount of

money in a sum greater than the amount sued for, including interest and all costs of suit, but further alleged that said George Lee had notified it that said money on deposit with garnishee was money received and paid to him as compensation under the Workmen's Compensation Act of the state of Texas, and that as such he claimed it was exempt and not subject to garnishment; that it had no other effects of said George Lee in its possession and did not know of any other person or persons indebted to said Lee or having in their possession any effects belonging to said Lee, and prayed that Lee be made a party to the garnishment suit. Lee answered in the garnishment suit and adopted the answer of garnishee as his answer. Judgment was rendered in the justice court that plaintiff, Gaddy, take nothing; the justice court holding that the money on deposit with garnishee was money received by George Lee as compensation for personal injuries under the Workmen's Compensation Act of the state of Texas, and therefore not subject to garnishment. Gaddy appealed from said judgment to the county court at law of Jefferson county, wherein judgment was also rendered against him and in favor of garnishee that he take nothing, for the reason that the money in the hands of the garnishee was compensation funds received under the Workmen's Compensation Act of the state of Texas, and as such was not subject to garnishment. To this judgment appellant excepted, gave notice of appeal, and has brought the case to this court for review.

[1] The one question for determination is submitted by appellant's following proposition:

"Compensation insurance under the Workmen's Compensation Act of Texas is exempt from garnishment, attachment, judgment, and all other suits or claims, so long as same is in the hands of the insurance company or in the process of payment; but, after it comes into the hands of the party entitled thereto, it loses such exemption as a matter of law."

There is no dispute as to the facts, as is shown by the following agreement:

"Agreement as to Facts.

"It is agreed that the defendant, George Lee, was injured in an industrial accident and was entitled to compensation under the Workmen's Compensation Act of the state of Texas, some time on or about the 1st of April, 1920, in which accident he suffered the loss of an arm and other injuries, and that some time on or about the 19th of April, 1921, the defendant, George Lee, deposited or had placed to his credit in the First National Bank of Beaumont, Tex., approximately the sum of $3,000, which was received by him in settlement of the liability of the insurers on account of the injuries above described, and that the same was paid to him at the end of a case where the liability of the insurance company or carriers was contested, and that part of said sum of ap-

proximately $3,000 represented compensation payments which accrued to him between the date of the injury, some time about the 1st of April, 1920, and the date he received the check on or about April 19, 1921, and part of said check of approximately $3,000 represented compensation payments which would have accrued to him in the future; it being agreed that the injuries received by the said 'George Lee were of such a character as would have entitled him to compensation for total disability, or for compensation payments for a period of 401 weeks after the date of said accident some time about April 1, 1920, and that the said George Lee did not have any money in said bank prior to depositing the said sum of approximately $3,000 on or about the 19th of April, 1921, and did not add any other sums to the said sum of approximately $3,000, and that the fund of approximately $3,000 was the actual moneys. paid him by way of compensation account of the injuries sustained by him and to which he was entitled to compensation under the Workmen's Compensation Act of the state of Texas.

"The Question for Decision on Appeal.

"It is agreed that the only question necessary for decision on this appeal and the decision which will settle this case is as follows: Did the trial court err in holding that the moneys on deposit in the First National Bank of Beaumont to the credit of George Lee was exempt from garnishment by reason of being compensation received by the said George Lee, under the Workmen's Compensation Act of the state of Texas?

"It is agreed that the evidence on another trial would not be different from what is agreed here.

"It is agreed that the clerk of the court shall include this agreement in the transcript with the other matters provided for in article 2113 and shall certify to the transcript as provided in article 2113, R. S."

Article 5246—3, Vernon's Ann. Civ. St. Supp. 1918, specially provides that all compensation allowed under and by virtue of the Workmen's Compensation Act shall be exempt from garnishment, attachment, judgment, and all other suits or claims. Appellant contends that the compensation allowed under said act is not subject to any of the processes as set out in the statute, so long as the money is in the hands of the insurance company, or is in the process of adjustment, but that, immediately upon its being received by the party entitled to receive same, it loses its exemption and becomes as any other property not specifically exempt by statute. The appellees insist that the fund, after its reception by the party entitled thereto, still retains its 'sacred character and remains beyond the reach of the process named.

The question involved seems to be a point of first impression, not only in Texas, but in other jurisdictions as well, as we have not been able to find where the exact question has been passed upon by any court. While the amount involved is small, the question is of much importance, and its determination

might have a far-reaching effect; and, while it is not at all free from doubt, we have concluded that it should be answered in the negative—that the funds, under the law and facts, were not subject to garnishment.

Appellant bases his contention, mainly, upon the construction heretofore given our current wage law (articles 306, 3785, and 3788, R. S.), the homestead exemption law (articles 3785, 3786, and 3787), and the federal pension statute (section 4747, U. S. Rev. St. [U. S. Comp. St. § 9080]), and decisions construing same. He cites us to:

(1) Bell v. Indian Live Stock Co. (Tex. Sup.) 11 S. W. 344, 3 L. R. A. 642. This was a garnishment suit in which the garnishee answered, admitting the possession of funds belonging to the debtor, but asserting that they were for current wages for personal services and not subject to garnishment. The facts showed the money to be for accumulated monthly wages not drawn when due, but left with the employer, garnishee. The court held that, for the money to be exempt under the current wage exemption statutes, it must be at the time "*current wages*"; that the word "wages" was limited by the word "current," which meant present or running time; that under the law the employee's wages were exempt for the current month, but the exemption ceased to apply when the wages became past due; and that, where wages were voluntarily left by the employee in the possession of the employer, they were not exempt, because they ceased to be "current wages."

(2) Davidson v. F. H. Logeman Chair Co. (Tex. Civ. App.) 41 S. W. 824. In this case the chair company sued one Levy for debt, and garnisheed his employer, Davidson, who answered that he had funds belonging to Levy in his possession, but that same were for current wages due Levy for personal services. It appeared that Levy, who was working as a clerk in his store at a monthly salary, could have collected his wages as they fell due, but that he permitted them to accumulate in the hands of his employer. The court followed Bell v. Indian Live Stock Co., and held that, where the employee voluntarily left his wages in the hands of his employer, they ceased to be "current wages," but were in the position as though they had been drawn and deposited with a bank, and subjected the money to the writ.

(3) Mitchell v. Western Casualty & Guaranty Co. (Tex. Civ. App.) 163 S. W. 630. In this case one Holt was a day laborer, receiving about $2.50 per day for his services. His wages were the source of support of himself and family. Fearing the possibility of sickness or accident by reason of which his labor would cease, he procured from the Western Casualty & Guaranty Company a policy of insurance against sickness and accident, in the event of which he would receive a sum about equal to his daily wage. He was in-

jured by accident, and there became a sum of money due him from the insurance company, and Mitchell, who had an unsatisfied judgment against Holt, garnisheed the insurance company. The contention on the one hand was that the fund represented and was current wages for personal services that he would have earned but for the accident, and hence not subject to garnishment; while, on the other hand, it was contended that the money did not accrue as wages earned, but that same was an ordinary indebtedness which had accrued under the policy, and therefore not exempt. The court, in deciding the matter, followed the cases of Bell v. Live Stock Co. and Davidson v. F. H. Logeman Chair Co., supra, and held the fund not exempt because not current wages. (This case was decided before the enactment of the Workmen's Compensation Act.)

These decisions merely hold that, in enacting the law exempting current wages from garnishment, it was the intent of the Legislature to exempt current wages until they were due and in the possession of the earner, or upon his demand could be in his possession, and no longer. The intent of the law evidently was to prevent the wage earner from being harrassed and embarrassed by having his wages attacked before he could get possession of them and be given an opportunity of paying his debt voluntarily, and also in protecting thus far the wherewithal to provide the necessities for himself and family. In all these cases the decision turned on the interpretation of the word "*current*" as limiting the wages protected and determined the extent of the protection accorded. They did not involve compensation for the destruction of one's physical ability to earn wages.

(4) Recor v. Commercial & Savings Bank of St. Clair, 106 N. W. 82, 142 Mich. 479, 5 L. R. A. (N. S.) 472, 7 Ann. Cas. 754. In this case the Supreme Court of Michigan held that the proceeds of a fraternal benefit certificate, after having been paid to the beneficiary and deposited in a bank, were not exempt. The court construed the Michigan statute providing that the benefits to be paid by a fraternal benefit association should not be liable to attachment or other process and held that the words "to be paid" was a limitation on the exemption, and that same applied only to money "*to be paid*," and not to that already received and deposited in a bank. The limitation here is quite similar to that in the Texas law as to "current wages" and was decided on the same principle.

(5) McIntosh v. Aubrey, 22 S. Ct. 561, 185 U. S. 122, 46 L. Ed. 834. In that case the question was whether land purchased with pension money was subject to execution; the pensioner, purchaser of the land, contending that as the land had been purchased with pension money which was exempt un-

der section 4747, U. S. Revised Statutes, the exemption extended to the land. Section 4747, supra, is as follows:

"No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, * * * but shall enure wholly to the benefit of such pensioner."

The court held the property not exempt on the ground that the statute did not contemplate that pension money should be exempt from attachment in all its situations and transmutations, but only when *due* or *to become due* or in the course of transmission; that when the money had been paid to the pensioner it had wholly inured to his benefit and was liable to seizure. It is seen that the decision turned on the interpretation of the words "due or to become due"; the same being a limitation as to the duration of exemption.

Counsel refers us to article 16, § 50, of our state Constitution, and articles 3785, 3786, and 3787, Revised Statutes—the Homestead Exemption Laws. While it has consistently been the policy of our state to encourage the acquisitions of homesteads, and liberal laws for their protection have been enacted, still it was held that the proceeds of the voluntary sale of the homestead were subject to garnishment. Mann v. Kelsey, 12 S. W. 43, 71 Tex. 609, 10 Am. St. Rep. 800; Kirby v. Giddings, 13 S. W. 27, 75 Tex. 679. But later (1897) the law was amended to protect from garnishment the proceeds of a voluntary sale of the homestead for six months, thus giving a reasonable time in which to invest the proceeds in another home; the intent of the law being to protect the owner in his possession and use of the homestead from forced sale of same *so long as he sees fit to continue its use as a home*, and to allow him, free from legal interference, a reasonable time, six months, in which to exchange or invest the proceeds in another home. The exemption provided was *for the homestead as such* and not the proceeds arising from a voluntary sale of same.

We have examined the other authorities cited by appellant, and do not find any of them in point.

[2-7] In arriving at the intent of the Legislature in enacting the law, we must keep in mind the evil to be remedied and the object to be accomplished. It is one of the chief concerns of any government or state to so foster and protect its citizens in the pursuit of their legitimate occupations as that they may not become a charge upon the public. The earning of one's maintenance by honest toil is a prime virtue and always to be lauded and encouraged, and to preserve the citizen's physical and mental equipment for such purpose is always a solicitous question for the state. The perils to which laborers in many of the modern day vocations are exposed, the frequent happening of industrial accidents, whereby the injured are not only prevented for a time from earning their support, but not infrequently are seriously maimed and frequently disabled from being self-sustaining, and quite often losing their lives, largely prompted the enactment of Workmen's Compensation Laws to, in a measure, protect the laborer and relieve the situation. The compensation provided in the law was meant, as far as it would go, to take the place of the wages that would have been earned by the unfortunate individual during the period of his enforced idleness, or to partially compensate the beneficiaries for the entire loss of the earnings of the deceased employee, and thus to temporarily relieve the beneficiaries while they are endeavoring to adjust themselves to the new and trying situation—to alleviate their hardships and to keep them from want or becoming the objects of charity. That being true, we believe that, when the Legislature provided in the law "that all compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims," it intended that said compensation should, as would have the percentage of earnings it takes the place of, be and remain free from all such process. The intention and meaning of the Legislature must primarily be determined from the language of the statute itself. Then, since it is the duty of the court to ascertain the meaning of the Legislature from the language of the statute, general words are to have a general operation unless the manifest intention of the Legislature affords grounds for qualifying or restricting them. Both our exemption statutes and compensation statute are to be liberally construed, and as the statute under consideration is remedial, and also provides for exemption of the compensation allowed, it should be given the most liberal construction of which it is capable. The circumstances and necessities for the enactment of such a law, the subject-matter and general purpose of the act, must be considered and kept in view, and the statute given a fair and reasonable interpretation with a view to effecting its purpose. The terms of the statute are much broader than any other statute to which our attention has been called. The protection given to the compensation provided is not limited as is the wage statute, and the homestead law, and the pension statute above discussed. There are no words of limitation as to the duration of the protection given in this statute, and we do not believe the interpretation given to the laws above mentioned applies here.

Believing the judgment of the court below should be affirmed, it is so ordered.

Affirmed.

On Motion for Rehearing.

On original hearing we affirmed the judgment in this cause. On motion for rehearing, because of the importance of the question involved and the fact that it had not been judicially ascertained by and court of last resort, so far as we could find, we certified the question to the Supreme Court. It has answered the question certified, holding that we had correctly determined the case. 283 S. W. 472. The motion for rehearing is accordingly overruled.