

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 23, 1957

Hon. William A Harrison
Commissioner of Insurance
International Life Building
Austin, Texas

Opinion No. WW-261

Re: The amount of real estate
necessary to secure a mort-
gage loan made by a life
insurance company under the
provisions of Section 2 of
Article 3.39 of the Insur-
ance Code.

Dear Mr. Harrison:

In your letter of July 8, 1957, you have requested our opinion as to the proper construction to be given Section 2 of Article 3.39 of the Insurance Code.

You have stated in your letter that the departmental practice has been "to construe this language to mean that the real estate securing the loan must be of a value equal to one hundred forty per cent (140%) of the amount of the loan, or stated differently, that the loan may be of an amount equal to 71.42 per cent of the value of the real estate".

Section 2 of Article 3.39 of the Texas Insurance Code prescribes the authorized investments for domestic life insurance companies. It reads in part as follows:

"It may also make loans upon first liens upon real estate, the title to which is valid and the value of which is forty per cent (40%) more than the amount loaned thereon, . . ."

The question presented is whether such language should be construed literally thereby fixing the required value of the real estate to be one hundred forty per cent (140%) of the amount of the loan or whether it should be construed as meaning that the amount of the loan secured by such real estate must not exceed sixty per cent (60%) of the value of such real estate.

This question arises from the legislative history of this particular enactment and from an earlier attorney general's opinion issued by a predecessor in this office.

Prior to the enactment of the Insurance Code of 1951 the provisions of Section 2 of Article 3.39 were found in Article 4725, R. S. Prior to Senate Bill 218, Acts 42nd Legislature,

Regular Session, 1931, Chapter 153, Page 256, Article 4725 read in part as follows:

> "(Domestic life insurance companies) may also make loans upon first liens upon real estate, the title to which is valid and the value of which is double the amount loaned thereon; . . ."

Article 4725 was amended by Senate Bill 218, Acts 42nd Legislature, Regular Session, 1931, Chapter 153, Page 256, so that it was identical to the present provisions of Section 2 of Article 3.39 here under consideration.

In an opinion by Attorney General James V. Allred dated August 18, 1931, addressed to the Honorable W. A. Tarver, Chairman of the Board of Insurance Commissioners, it was held that Article 4725 as amended, should be construed in the same manner as the previous statute with the only change the increasing of the maximum amount of a loan from fifty per cent (50%) to sixty per cent (60%) of the value of the property. This opinion was reasoned as follows:

> "That portion of the old Act above has always been construed to mean that the real estate must be of a value at least fifty per cent (50%) in excess of the amount of the loan. The word 'double', as used in the foregoing quotation, could have as well been 'fifty per cent (50%) more than' and the Section would have had the same meaning. It is apparent that the Legislature, by Senate Bill 218, intended to raise the per cent which might be loaned on real estate from fifty (50%) to sixty per cent (60%). An examination of our statute, reference loans that might be made by various companies such as insurance, building and loan, etc., clearly reflects that the Legislature has always based the amount of the loan permitted on a percentage of the value of the real estate."

The basic premise of such opinion is that "double the amount loaned thereon", "fifty per cent (50%) in excess of the amount loaned", "fifty per cent (50%) more than the amount loaned thereon" and "fifty per cent (50%) of the value of the property" are equivalents. This is incorrect. Assuming that the amount of the loan was One Thousand Dollars ($1,000), double the amount loaned would be Two Thousand Dollars ($2,000); and if the amount loaned may not exceed fifty per cent (50%) of the real estate, then the real estate must be equal to Two Thousand Dollars ($2,000); "fifty per cent (50%) in excess of the

amount loaned" and "fifty per cent (50%) more than the amount loaned" would be One Thousand Five Hundred Dollars ($1,500).

It is fundamental to the interpretation of statutes that the intention and meaning of the Legislature must be primarily determined from the language of the statute itself. Gaddy v. First National Bank of Beaumont, 283 S.W. 277 (Civ. App. 1923), certified question answered, 115 Tex. 393, 283 S.W. 472.

The purpose of legislation and general policy of the law affords means for the discovery of legislative intent where the language of a statute is of doubtful, uncertain or ambiguous purport, but such expedient cannot be resorted to where the language is unambiguous, and its meaning is clear. Board of Insurance Commissioners, et al, v. Guardian Life Insurance Company, 142 Tex. 630, 180 S.W.2d 906 (1944). The dominant rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed in the statute. Brazos River Conservation & Reclamation District v. Costello, 135 Tex. 307, 143 S.W.2d 577, (1940).

The language we are concerned with, namely, "forty per cent (40%) more than the amount loaned thereon", admits to doubt only when it is read with the old Act and similar enactments in the sense that it is a departure from the normal. Read by itself, the Act furnishes a clear and concise formula of common usage and experience by which the value of real estate necessary to secure a mortgage made by a life insurance company may be determined. We conclude that the legislative intent is clearly expressed in the Act and resort may not be had to extraneous matters. McCallum v. Associated Retail Credit Men of Austin, (Com. of App. 1931), 41 S.W.2d 45.

We overrule the previous opinion of August 18, 1931, (Book 324, Page 737). You are advised that under the provisions of Section 2 of Article 3.39 of the Texas Insurance Code the value of the real estate securing such first lien loans must not be less than one hundred and forty per cent (140%) of the amount loaned thereon.

SUMMARY

Prior opinion of August 18, 1931, recorded in Book 324 at Page 737 of the Attorney General's Opinions, is over-

ruled. The value of real estate securing first lien loans of life insurance companies under the provisions of Section 2 of Article 3.39 must be at least one hundred and forty per cent (140%) of the amount of the loan.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred B. Werkenthin
Fred B. Werkenthin
Assistant

FBW:pc

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman
Mary K. Wall
Wm. R. Hemphill
Roger I. Daily

REVIEWED FOR THE ATTORNEY GENERAL
BY:
James N. Ludlum