Fred B. JONES, Jr., Appellant,

v.

Tony Wayne MARONEY et ux., Gail R. Maroney, Appellees.

No. 17841.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 2, 1981.

Rehearing Denied July 23, 1981.

Philip R. Russ, Amarillo, for appellant.

William H. Tinch, Houston, Blair D. Dishman, Jr., Dallas, for appellees.

DOYLE, Justice.

This suit involves the question of whether the proceeds from the sale of a homestead are exempt from garnishment or other forced conversions.

On December 10, 1979, appellees voluntarily sold their homestead, with the closing handled by a title company. At the time of the closing the title company withheld the proceeds due to the appellees by virtue of an abstract of judgment lien filed by appellant. On January 2, 1980, appellees filed suit to declare the proceeds exempt from garnishment or other forced conversion.

Appellant has admitted that he asserted a claim against the proceeds of the voluntary sale of the homestead at the time of closing and that as a result these proceeds were withheld from the appellees by First American Title Company, Inc., of Houston. Appellees were thus forced to seek redress in the district court of Harris County in order to have the judgment lien which was asserted against the homestead removed, and to resolve the issue of the propriety of the refusal of title company to pay over the proceeds of their homestead to them. On motion by the appellees the trial court required and approved the payment of the funds held by the title company into the registry of the court pending final determination of these issues. The process of litigating these issues lasted for 176 days after the date the funds were retained by the title company. The court held that the proceeds were exempt and entered judgment for appellees on August 19, 1980.

Appellant asserts one point of error, complaining that the trial court erred in extending the exemption from garnishment of proceeds from the voluntary sale of the homestead for a period of time more than 6 months from the date said homestead was voluntarily converted into cash proceeds.

Appellant contends that the proceeds from the voluntary sale of the homestead are exempt from garnishment or forced conversion for 6 months only and that any extension of this exemption must come from the legislature and not the court, citing *American National Bank of Fort Worth v. Strong*, 188 S.W. 1014 (Tex.Civ.App.—Dallas 1916, no writ). That case may be distinguished from the case before us. There the plaintiff was seeking to enjoin the enforcement of a levy which had been made on the proceeds during the 6 months subsequent to the voluntary sale of the homestead, and in our case the appellees were seeking to remove an abstract of judgment lien during the 6 month period.

Appellees contend that the exemption statute should be liberally construed and should never be restricted in another meaning or in effect so as to minimize its operation upon law. Article 3834, Texas Revised Civil Statutes states:

The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale.

A general rule for construing a statute is to look to the legislative purpose in its enactment. The legislative intent in enacting this statute was clearly presented in *Gaddy v. First National Bank of Beaumont*, 283 S.W. 277, 280 (Tex.Civ.App.—Beaumont 1926, no writ) which Stated that:

But later (1897) the law was amended to protect from garnishment the proceeds of a voluntary sale of the home-homestead for six months, thus giving a reasonable time in which to invest the proceeds in another home; the intent of the law being to protect the owner in his possession and use of the homestead from forced sale of same so long as he sees fit to continue its use as a home, and to allow him, free from legal interference, a reasonable time, six months, in which to exchange or invest proceeds in another home.

The appellees in this case have not had the opportunity to exchange or invest proceeds from the voluntary sale of their homestead within the 6 month period after such sale since the proceeds were withheld from them by virtue of an abstract of judgment lien asserted against their homestead. Thus, it becomes apparent that the purpose for which the statute was enacted would be

destroyed if the court would not toll the statute during the period of time the proceeds were involved in court litigation.

Additionally, we have the question of whether a sale of land has actually taken place when 'no money is paid to the seller at time of closing. The homestead in this case was to be sold for cash. A sale of land has been defined as a transmutation of such property from one person to another in consideration of a sum of money, 91 C.J.S., Vendor & Purchaser § 1c. A sale for cash is completed when the money is actually in hand, *Ray v. Frye*, 58 Ariz. 340, 119 P.2d 941. It is uncontroverted that appellees did not receive any cash proceeds from the sale of their land at the time of closing. We hold that no sale took place at that time, and that by statutory purpose, the sale of the homestead did not take place until August 19, 1980, when the cash proceeds from the sale were released from the court's registry. Thus, the statutory period in which the proceeds from the above sale would be exempt for 6 months would date from August 19, 1980.

Appellant's point of error is overruled, and the trial court's judgment is affirmed.

WARREN and EVANS, JJ., also sitting.