**In re Molly MALONE, Debtor.**

**Bankruptcy No. 96–60766–LK.**

United States Bankruptcy Court, .
W.D. Texas,
Waco Division.

Oct. 10, 1996.

Ronald E. Pearson, Temple, Texas, for Debtor.

John Montez, Waco, Texas, for Trustee.

### MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

On September 13, 1996, the court held a hearing on the Objection to Exemptions filed by Henry C. Seals, the chapter 7 trustee assigned to this bankruptcy proceeding. After the hearing, the court took the matter under advisement. Based on a careful review of the pleadings and the legal authority, the court has determined that the objection should be overruled. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Molly Malone filed bankruptcy on May 21, 1996, and on the same day filed her schedules, including her schedule of exemptions. She claimed as exempt the remaining $20,000 of proceeds from the pre-petition sale, on November 21, 1995, of her homestead. The Trustee timely filed his objection to her claim of exemptions, asserting that the sale of the home had occurred more than six months prior to the filing of the bankruptcy petition. At the hearing on the Objection, each side assumed that the relevant time period at issue was 180 days and they discussed various methods of counting days, using state and federal rules of civil procedure, in an effort to demonstrate that the petition day of this case was either before or after the "six month" exemption period.

The counting of **days** however does not resolve the primary question since the relevant statute, Texas Property Code Section 41.001(c), exempts proceeds of a sale of homestead for "**six months after** the date of sale." TEX.PROP.CODE ANN. § 41.001(c) (Vernon Supp.1996) (emphasis added) The court then must define what is meant by "six months."

■ In the Texas Government Code, in Chapter 312, entitled "Construction of Laws", "month" is defined as meaning a "calendar month." TEX.GOV'T CODE ANN. § 312.011(7) (Vernon 1988) This is important, because any six month calendar period could contain a varying number of days. For example, from January 1 through July 1 there

are 182 days (in non-leap years and if you count both the first days of January and July). However, if you chose some different period, such as from August 1 through February 1, there are 184 days. Another point of view might be that if there are 365 days in a non-leap year and twelve months in a year, then six months is one-half of a year or 182½ days. Another question raised in this case is "which day" do you start from, the actual day of the sale or the following day. An earlier case, *Jones v. Maroney, et al.,* 619 S.W.2d 296 (Civ.App.–Htn (1st Dist.) 1981), stated that one should begin with the actual day of the sale, or when the proceeds were released to be seller. In that opinion, the exemption statute of the time protected proceeds from creditors levies for a period of time "within" six months after such sale. Using the Government Code definition, one would apparently begin with and end with the same day of consecutive months, ie/October 5 to November 5 would be "one month." Clearly, going month by month, and beginning on some given day, would indicate that one should go to the same day in the following month to conclude that a full month has passed. This was the assumption made by a prior bankruptcy court in this district. See *In re Harlan,* 32 B.R. 91 (Bankr.W.D.Tex. 1983) (Calculating the six month period for exemption of proceeds to be "October 1, 1982 to April 1, 1983").

■ The statute in effect this date, at § 41.001(c) states that "The homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months *after the date of sale.*" In the *Jones* case, one had to interpret what "within" six months "after such sale" meant. In our computation, the language of the statute "after the date of sale", indicates that the starting date for our count would be November 22, 1995. Thus, the 6 month period concluded on May 22, 1996. However, even using the *Jones* calculation, the first day would have been November 21 and the last day (all 24 hours of it), would have been May 21. In either event, on the day that this Debtor filed bankruptcy, she was "within" the six month period that she was entitled to protection of her proceeds and thus the Trustee's objection will be overruled. The proceeds were exempt on the filing day and thus are exempt today.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

On September 13, 1996, the court held a hearing on the Objection to Exemptions filed by Henry C. Seals, the chapter 7 trustee assigned to this bankruptcy proceeding. Following the hearing, the court took the matter under advisement and after a careful review of the pleadings and the legal authority, the court has determined that the objection should be overruled. The court's finding and conclusions are contained in a Memorandum opinion entered of even date herewith.

**IT IS THEREFORE ORDERED** that the Trustee's Objection to Exemptions is OVER-RULED.