## No. 6031.

## W. J. MANN *v.* C. K. & M. KELSEY.

1. PROCEEDS OF VOLUNTARY SALE OF HOMESTEAD.—The proceeds of a voluntary sale of a homestead are liable to execution.
2. MONEY IN HANDS OF SHERIFF.—Money in the hands of a sheriff and belonging to a judgment debtor against whom the sheriff holds an execution, may be applied to the payment of such execution by the sheriff, although the money had been made by the sheriff on execution.

APPEAL from Wise.    Tried below before the Hon. F. E. Piner.

*Gordon & McMurray* and *Wallace Hendricks,* for appellant: 1. When C. K. Kelsey and wife voluntarily exchanged their homestead, exempt property, for money, property which is not exempt under the law, they could no longer claim the protection of the exemption laws as to the money received in exchange. (Whittenburg v. Lloyd, 49 Texas, 633; Schneider & Bro. v. Bray, 59 Texas, 669; Watkins v. Davis, 61 Texas, 414; Cameron v. Fay, 55 Texas, 60; Thompson on Homesteads and Exemptions, sec. 745–747; 33 Am. Rep., 188; 20 Am. Rep., 128; Knabb v. Drake, 23 Penn. State, 489; Harriett v. Fassett, 9 N. W. Rep., 217.)

2. It was the right and duty of the sheriff to apply the money to the executions against Kelsey and wife. (Hamilton v. Ward, 4 Texas, 357; Walton v. Compton, 28 Texas, 570; McClane v. Rogers, 42 Texas, 214.)

3. Kelsey and wife, in taking a pre-emption, thereby abandoned homestead rights in the Shilling place. (Ruhl v. Kaufman & Runge, 65 Texas, 735; Jacobs v. Hawkins, 63 Texas, 1; Smith v. Gore, 33 Am. Rep., 188; 23 Kansas Rep., 488.)

*Charles Soward,* for appellees: 1. The money collected by the sheriff upon the sale under foreclosure of the vendor's lien upon the homestead, was exempt. (Schneider v. Bray, 59 Texas, 673; Thompson on Homesteads, sec. 754).

2. The sheriff could not legally apply the money in his hands upon the executions in his hands. (McClane v. Rogers, 42 Texas, 214; De La Garza v. Booth, 28 Texas, 485; Turner v. Fendall, 1 Cranch, 117; Freeman on Ex., sec. 130, pp. 177–178; 4 Bibb, 311; 3 Mass., 289; 1 Ohio, 135; 41 N. Y., 215; 6 Cow., 494; 50 Ga., 108; 24 Ills., 243; 14 Wis., 293; 7 Cushing, 257.)

HOBBY, JUDGE.    This was a statutory proceeding, instituted under articles 2324 and 2325, Revised Statutes, by appellees on this appeal, C. K. and M. J. Kelsey, against W. J. Mann, sheriff of Wise county, appellant, requiring him to pay over money collected by him under an order of sale issued from the district court of said county, in their favor, against one T. V. Shilling, for three hundred and seventy-four dollars and sixty cents.

There is no material controversy about the facts in the case.

Appellees recovered a judgment upon two notes amounting to three hundred and seventy-four dollars and sixty cents, with ten per cent interest per annum, against Shilling in the district court of Wise county, with a foreclosure of the vendor's lien upon the land sold by them to Shilling, it being their homestead at the time of the sale to Shilling. An order of sale issued, and W. A. Huffman became the purchaser at the sale, paying to the sheriff, appellant, the sum of four hundred dollars. After satisfying the execution and costs, a balance remained in the sheriff's hands of three hundred and seventy-five dollars and forty cents, which appellees demanded and which appellant refused to pay over, upon the ground that he had applied it to valid executions then in his hands against appellee C. K. Kelsey and E. Henson, in favor of W. A. Huffman, amounting in the aggregate to three hundred and fifty-eight dollars and fifty-five cents, that the money in appellant's hands was the community property of appellees, and was subject to said executions. At the time of the sale of the land to Shilling by appellees it was their homestead, and it was the intention of appellees, when the notes sued upon were collected, to invest the proceeds in another home, having no other means for that purpose. Since the sale to Shilling of appellees' home they had taken steps to obtain a home in Erath county under the pre-emption laws, and caused the same to be surveyed, but subsequently ascertained that the survey selected had been previously located. Judgment was rendered in the lower court against appellant Mann for three hundred and seventy-five dollars and forty cents, with interest at the rate of ten per cent per annum, and ninety dollars and twenty cents damages.

This judgment was subsequently set aside and reformed and judgment rendered against him for three hundred and seventy-five dollars and forty cents and costs, and judgment for the sureties for their costs. From this judgment both parties have appealed.

The questions involved in this appeal are, first, whether the money, three hundred and seventy-five dollars and forty cents, in the hands of the sheriff, appellant, and collected by him under the order of sale issued upon the judgment in appellees' favor foreclosing the lien upon the homestead, was exempt from execution and seizure by reason of the fact that this amount was the proceeds of the sale of the homestead, and was intended

by appellees to be invested in another home, they then being without one, except in so far as their homestead rights might exist under the settlement, survey and residence in Erath county, by virtue of the pre-emption law, that they were still residing upon the land in Erath county, and had settled upon it with the intention of making it their homestead. After appellees had caused the survey to be made of the tract of land in Erath county, the surveyor warned them not to put any valuable improvements thereon because it had been located. Appellees placed none on this land, but rented and cultivated an adjoining tract of land. No patent had issued to the land upon the location prior to appellees, and they were uncertain as to the title being issued to them.

The exchanges made of exempt property for other property, are by law classified into two kinds: Voluntary and involuntary; the legal effect of the former differing materially from that of the latter, according to the principles laid down and concurred in by a majority of the American courts.

In reference to a voluntary exchange of property specifically exempt from execution, for property not so exempt, the debtor, in such a case of a voluntary exchange of property, can not claim exemption for the property received in exchange.

The reason of the rule is said to be, that "the law designates the species of property it exempts, and does not allow the debtor to choose for himself in respect to the kind or species of property to be exempted. To permit this, would be to substitute the choice of the debtor for the provisions of the statute. When exempt property is voluntarily converted into money, or other property not also exempt by law, the right is gone. (Thompson on Homesteads, sec. 750; Whittenberg v. Lloyd, 49 Texas, 642; Schneider v. Bray, 59 Texas, 670.)

In the case of Watkins v. Blatchinski, 40 Wisconsin, 347, it was held that the proceeds of the sale of the homestead was protected, when designed in good faith to be applied to the purchase of another, and while in transition from one homestead to another. But this decision is based upon a statutory provision with reference to that subject in that state. We are not aware of any such statutory regulation in our State with respect to the proceeds of the sale of the homestead.

In the case before us, whatever may be the hardship arising out of the rule, it is the result of the voluntary act of the appellees, in exchanging property fully protected by the law for

that to which the law affords no such protection as is claimed. And we are therefore of opinion that money in the hands of the sheriff, collected under an order of sale issued upon a judgment foreclosing the vendor's lien upon the judgment creditor's homestead, which had been voluntarily sold, is subject to valid executions in the sheriff's hands.

Appellees—who are appellants on cross appeal—assign as error the refusal of the court to allow them ten per cent per annum and five per cent per month on the money collected by the sheriff, and which he refused to pay over.

There can be no question that appellees' motion was in strict compliance with the rules of practice prescribed by the Supreme Court under this statute. (Rev. Stats., arts. 2324, 2325.) It was not a suit against the sheriff, but it was in the form of a motion. The money was shown to have been collected by the sheriff, the demand was made for payment and it was filed at the term next following the demand and in the court from which the order of sale issued, but it is admitted that the money was applied by the sheriff to the payment of regular executions, already in his hands, issued upon valid judgments, and the return thereof made by him. This confronts us with the question whether money so in the hands of the officer is subject to execution. This question was thoroughly discussed in the well considered case of Hamilton v. Ward, 4 Texas, 365, in which a motion was filed against the sheriff for failing to make a return and for refusing to pay over money collected under an execution. The judgment and execution were in proof, as were also the facts that he had collected one hundred and ninety-two dollars and fifty-six cents, and had applied the same to an execution against the plaintiff and Hamilton in favor of Latimer & Bagby.

This case cited is characterized by an exhaustive review of the leading cases having reference to this subject, notably the cases of Dolby v. Mullen, 3 Humph., 437, and Turner v. Fendall, 1 Cranch, 118. The last named case supporting the proposition that money in the hands of the sheriff can not be levied on and applied to an execution against the owner of the money, was reviewed by Judge Green in Dolby v. Mullens, citing Justice Buller, 1 Dunford & East., 370; and, says Judge Wheeler: "the argument (of Judge Green) answered in every aspect which that argument (in Turner v. Fendall) has presented the question, with equal clearness and force of reasoning, and with almost the

precision of actual demonstration." Our Supreme Court felt no hesitancy in adopting it as the judgment of the court. And it was concluded that the sheriff had the right to appropriate the money of the plaintiff in his hands in satisfaction of the execution against the plaintiff, and the judgment below against the sheriff was reversed and dismissed.

In McLane v. Rodgers, 42 Texas, 218, it is held that if money comes into the hands of the sheriff while he holds a valid execution against the party to whom it belongs, he may no doubt apply it in satisfaction of such execution. To the same effect is the case of Walton v. Compton, 28 Texas, 575.

We do not think the judgment against appellant Mann is authorized under the law and facts in this case, and are of opinion that it should be reversed and the cause dismissed.

*Reversed and dismissed.*

Opinion adopted October 30, 1888.

STAYTON,
*Chief Justice.*