R. H. Kirby v. Giddings & Giddings et al.

No. 2746.

1. **Proceeds of Voluntary Sale of Homestead.**—The proceeds of a voluntary sale of a homestead deposited in bank are not exempt from garnishment.

2. **Cases Adhered to.**—Mann v. Kelsey, 71 Texas, 609; Whittenberg v. Floyd, 49 Texas, 633, adhered to.

APPEAL from Washington. Tried below before Hon. John Alexander, Special District Judge.

The opinion states the case.

*T. J. Swearingen,* for appellant.—The proceeds of the voluntary sale of a homestead deposited in bank are not exempt from execution or garnishment. Mann v. Kelsey, 71 Texas, 609; Schneider & Bros. v. Bray, 59 Texas, 670; Whittenberg v. Lloyd, 49 Texas, 633; Kingsland v. McGowan, 3 Ct. App. C. C., 32.

*Bassett & Muse,* for intervenor.—On the averments of the petition in intervention, the funds garnished were exempt from execution or garnishment on the ground that they were the proceeds of the sale of the homestead, sold for the express purpose of reinvestment in another homestead, and in process of transmission for such investment at the service of the writ. Watkins v. Davis, 61 Texas, 414; Schneider v. Bray, 59 Texas, 671; Ferguson v. McGowan, 3 Ct. App. C. C., sec. 32; Thomp. Home. Ex., sec. 751; Wolfe v. Buckley, 52 Texas, 641; Young v. Matier, 3 Ct. App. C. C., sec. 354.

STAYTON, Chief Justice.—Appellant was judgment creditor of Mrs. M. E. Wood, and caused a writ of garnishment to be served on Giddings & Giddings, bankers, with whom Mrs. Wood had on deposit eight hundred dollars.

The writ of garnishment was served on January 6, 1888, and garnishees answered by admitting the deposit, but setting up that the money in

their hands was a part of the proceeds of the homestead of Mrs. Wood, recently sold, which she contemplated investing in another home at once, and was in the act of doing so when the writ was served on them.

The substance further of their answer will be seen in so much of the petition in intervention of Mrs. Wood as will be here set out.

Mrs. Wood intervened, and alleged "that she is the owner of the eight hundred dollars in the hands of the garnishees, and that the same is not subject to the plaintiff's writ for this, that this intervenor is and has been hitherto for more than thirty years consecutively a citizen of Texas and a constituent of the family composed of herself and her late husband, A. H. Wood, and their children; and since the death of the said husband she has been the head of the family, and as such entitled to the homestead and other exemptions reserved by law to every family against the claims of creditors; that said moneys in controversy are the proceeds of the sale of her late homestead in Washington County, Texas, which she had sold for the purpose and with the specific intention of investing the proceeds thereof in another homestead in Grimes County, Texas, to which it was her purpose to remove; and that at the time of the service of the plaintiff's writ the same was in process of transmission to Grimes County for the purpose of reinvestment in such other homestead."

On trial before a jury there was a verdict in favor of Mrs. Wood, and the assignments of error question the ruling of the court in overruling exceptions to the answer of the garnishees and to the petition in intervention filed by Mrs. Wood.

Assignments also question the correctness of the rulings in giving and refusing to give charges requested. We find in the transcript what purports to be a statement of facts, duly signed by counsel and approved by the judge, but this was filed after adjournment, so far as the record shows, without any order permitting this to be done. As there is no statement of facts the charges can not be considered, but as they show the theory on which the case was tried and involve the questions submitted by demurrer, the assignment containing them is here given. The sixth assignment is as follows:

"The court erred in instructing the jury in charge in chief as follows: 'If you believe from the evidence that the money in controversy in this suit was a part of the proceeds of the sale of her homestead in Washington County, and that her said homestead was sold by her for the purpose and with the present intention of reinvesting said money in another homestead, and that it was her bona fide intention to occupy the new homestead so acquired, you will find for the intervenor, Mrs. Wood, and that the money in controversy is not subject to plaintiff's writ of garnishment.' And in refusing charge No. 1 asked by plaintiff, as follows: 'The law exempts certain property from the claims of creditors, but money in bank is not so exempt. If the jury believe from the evidence that the inter-

venor, Mrs. Wood, converted her homestead, which was protected by law from her creditors, into money, which is not so protected, and that this conversion was voluntary on her part, you will find for the plaintiff, R. H. Kirby.'"

The exception to answer of garnishees and petition in intervention raised the question whether either was sufficient in absence of averment that the money in question was the proceeds of an involuntary sale of the homestead.

This is the sole question in the case necessary now to be considered, and it has been decided in former cases.

The facts pleaded present a case in no essential different from the facts shown in Mann v. Kelsey, 71 Texas, 609, in which it was held that the proceeds of a voluntary sale of homestead were subject to execution.

In Whittenberg v. Lloyd, 49 Texas, 633, the same ruling was made.

In the cases here referred to the claim was made that an intent to re-invest the proceeds of the sale of a homestead in another should give protection to the fund; but in the case last cited it was said, "to the broad claim that the proceeds of the sale or exchange of a homestead shall be exempt, the answer is that neither in the Constitution nor in any statute is provision made for such a case, and that if such an extension of the exemption is needed it should come in the shape of additional legislation."

Schneider v. Bray, 59 Texas, 670, was a case in which one homestead was exchanged for another, and this was sustained because the property acquired in exchange was exempt, but the rule announced in the cases above referred to was recognized as correct.

After citing cases from other States, it was said, "The reason of this general rule is well stated in the last case, and is generally adopted and acted upon in the others. This is, in effect, that 'the law designates the species of property it exempts, and does not allow the debtor to choose for himself in respect to the species or kind of property to be exempted. To allow this would be to substitute the choice of the debtor for the provisions of the statute. When the exempt property is voluntarily sold and converted into money, or other property *not also* exempted, the right is gone.'"

Watkins v. Davis, 61 Texas, 414, was substantially the same in its facts as Schneider v. Bray, and the same conclusion was reached; but there may be some expressions in the opinion in commenting on the case of Watkins v. Blatschinski, 40 Wisconsin, 347, which seem to hold that the fund now in question was exempt under the averments.

The facts of the case did not call for a decision of any such question, and the whole case is summed up in the declaration that "where the sale of the homestead is made with the bona fide intention of investing the proceeds in another, and that is done, the latter will be protected from forced sale." The property sought be subjected to forced sale for pay-

ment of debts in that case had actually become homestead before it was levied upon, and we may say under that state of facts that it was unimportant from whence came the purchase money, or with what intent the thing from which it was derived was sold.

We know of no case unaffected by statutory provision establishing a rule different to that declared by the cases before cited, and it must be held under these decisions, which it seems to us establish the better rule, that the exceptions to the garnishees' answer and petition of intervenor should have been sustained, and for the contrary ruling of the court below its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 28, 1890.