## A. J. WOMACK v. J. K. P. STOKES ET AL.

### No. 1045.

**1. Garnishment—Clerk of Court as Garnishee—Disqualification.**

The clerk of a court, in a garnishment proceeding filed in such court, took the plaintiff's affidavit for garnishment, which charged such clerk and two others as garnishees, issued the writ of garnishment, and took and filed the answers of the garnishees. The affidavit did not charge the garnishees with a joint liability, and no exception was taken to any of the proceedings by the gar-

nishees in the court below. Held, that as to the judgment against the two other garnishees, no reversible error was shown.

**2.   Same—Approval of Garnishment Bond.**

The fact that the clerk approved plaintiff's bond in garnishment was immaterial, since, in this case, the plaintiff being a judgment creditor, no such bond was required by law.

**3.   Same—Agent Holding Note Not Liable.**

A promissory note in the hands of an agent for collection cannot be reached by garnishment of such agent.

**4.   Same—Proceeds of Homestead Liable.**

Notes given for the purchase money of a homestead are not exempt from garnishment for debt.

ERROR from Trinity.   Tried below before Hon. J. M. SMITHER.

*T. H. Ball* and *H. L. Robb,* for plaintiff in error.—1.   Stokes having sold his homestead for the purpose of reinvesting in another homestead, and having moved to another State where he intended to purchase another home, his act constituted a voluntary conversion of his said exempt property and the proceeds thereof became at once subject to garnishment. .Mann v. Kesley, 71 Texas, 609; Kirby v. Giddings, 13 S. W. Rep., 27; Moursound v. Priess, 19 S. W. Rep., 775.

2.   The court erred in discharging the defendant and garnishee J. K. P. Stokes on his answer, because it appears from the answer of the said Stokes that at the date of service of writ of garnishment herein, he had a note in his hands, the property of R. F. Stokes, defendant in judgment, and that after maturity thereof, and before filing his said answer, he returned said property to R. F. Stokes.   Thompson v. Gainesville Bank, 17 S. W. Rep., 350; Bassett v. Garthwaite, 22 Texas, 230; Drake on Attachments, par. 587-588.

*Spencer & Kincaid,* for defendants in error.—The application for the garnishment having been sworn to before J. K. P. Stokes, one of the garnishees, and the bond for the garnishment having been taken and approved, and the writ of garnishment issued by him as clerk of the District Court of Trinity County, and he being on account of his interest in and connection with the suit disqualified to act as such clerk in this case, the affidavit bond and writ of garnishment were all nullities and the whole garnishment proceedings void, and the judgment of the court below for that reason should be affirmed, or in case it cannot be affirmed the judgment should be reversed and the cause remanded or reversed and the cause dismissed.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiff in error, having recovered a judgment for money against F. P. Rice and R. F. Stokes, made affidavit for a writ of garnishment to J. K. P. Stokes, T. J. Routen and T. H. Bayne.   J. K. P. Stokes was the clerk of the court, and the affidavit was sworn to before and filed by him.   A bond for the writ was also executed by plaintiff, payable to the three garnishees, and was approved and filed by Stokes.   Stokes accepted service of the garnishment, but

also issued the writ, including himself with Bayne and Routen, as garnishees, which was served on Bayne and Routen. All of the garnishees answered in due time, the answers of Bayne and Routen being sworn to before Stokes and filed by him. No exceptions were taken to any of the proceedings by the garnishees in the court below. Routen answered that he owed R. F. Stokes, one of the judgment debtors, the amount of a note, which was fully described and which was due before the answer was filed, and of which said Stokes was then and continued up to the time the judgment in the garnishment was rendered the owner and holder. Routen set up the further fact that the note was given for the homestead of R. F. Stokes, describing the property, and was not subject to garnishment. Bayne had subsequently bought the same property from Routen, and had agreed with him to pay the note due Stokes, but there was no contract between Bayne and Stokes to that effect. J. K. P. Stokes, when the garnishment was served, held the Routen note for collection, as agent of R. F. Stokes. These facts were all stated in the answers, and no other ground for holding the garnishees appeared. R. F. Stokes intervened, claiming that the Routen note was exempt from the writ, because given for his homestead, and judgment was rendered discharging the garnishee, and plaintiff has prosecuted this writ of error. The conclusions of law and fact found by the district judge were filed by J. K. P. Stokes.

It is urged by defendant in error that Stokes was disqualified, as clerk, from taking the affidavit and bond for garnishment and from issuing the writ and swearing the garnishees to their answers and filing same, and that all of these proceedings should be treated as nullities and the judgment should be affirmed, or else reversed and the proceedings dismissed. We cannot agree to this. Stokes could take the affidavit for a garnishment for Bayne and Routen and issue the writ to them. He was disqualified from acting as far as he himself was concerned. The fact that all were joined in the proceeding made it irregular, but no good reason is seen why it should be treated as void, so far as the others were concerned. The defect was one which, in our opinion, could be waived by Bayne and Routen, and they effectually did so by answering and making no objection to the proceeding. As far as Stokes is concerned, no right to charge him has been shown and hence it is unnecessary to determine the effect of the proceedings as to him. It will be observed that there is no joint liability sought to be enforced against the three garnishees. We heretofore dismissed an appeal, on motion of appellees in this case, on the ground that the bond was approved and the transcript was made out and certified by Stokes; but the objection was properly made, and, besides, the appeal bond was made payable to Stokes jointly with the others, and was taken and approved by him. The bond for the garnishment in this case was unnecessary and performs no office. Rev. Stats., arts. 183, 184.

The note could not be reached in the hands of J. K. P. Stokes, being a chose in action, and the judgment discharging him will be affirmed.

No indebtedness was shown from Bayne to either of the judgment debtors, and the judgment discharging him will also be affirmed.

But the answer of Routen showed on its face that the note therein set up was subject to the writ, and the plea of intervention stated the same facts. Notes given for the purchase money of a homestead are not exempt from debt. Mann v. Kessley, 71 Texas, 609; Kirby v. Giddings, 13 S. W. Rep., 27; Moursund v. Preiss, 19 S. W. Rep., 775.

The judgment discharging Routen will therefore be reversed, and judgment will be here rendered against him for the amount of the note (which is less than the judgment in favor of plaintiff in error), and foreclosing the lien on the property purchased by him from R. F. Stokes, described in the answer.

*Affirmed in part.*
*Reversed and rendered in part.*

Delivered March 12, 1896.