The UNITED STATES of America,
Appellant,

v.

Carmen FLEMING, Appellee.

No. 6608.

Court of Civil Appeals of Texas,
El Paso.

March 29, 1978.

John E. Clark, U. S. Atty., Michael T. Milligan, Asst. U. S. Atty., El Paso, for appellant.

Owen H. Ellington, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This case involves the question of whether military retirement pay is subject to garnishment, and the further question of the constitutionality of prejudgment garnishment. The trial Court rendered judgment for Appellee, Carmen Fleming, against the Defendant-garnishee, The United States of America, requiring the United States to turn over the military retirement pay of John Richard Fleming to Appellee, his former wife, to satisfy a claim for unpaid child support in the amount of $4,170.00. We reverse and remand.

The question is raised as to whether military retirement pay is subject to garnishment. The record does not reflect whether the retiree, John Richard Fleming, is a resident of Texas or not. But whether he is or is not, we would hold that his military retirement pay is subject to garnishment. Appellant contends that military retirement pay is in the nature of current wages for personal services under Article 16, Sec. 28, of the Texas Constitution. That Article provides:

"No current wages for personal service shall ever be subject to garnishment."

Article 4099 of Tex.Rev.Civ.Stat.Ann. reads as follows:

"No current wages for personal service shall be subject to garnishment; and

where it appears upon the trial that the garnishee is indebted to the defendant for such current wages, the garnishee shall nevertheless be discharged as to such indebtedness."

The interpretive commentary to the constitutional provision found in the Vernon's edition of the Constitution makes clear that the purpose of the constitutional provision is to insulate the worker's means of a livelihood. Monthly retirement payments would seem to fall within that purpose of the provision; however, our research has disclosed no Texas case involving the question. Our conclusion that military retirement pay is subject to garnishment is based on the fact that the Texas Courts have repeatedly held that such retirement pay is "property." In *Cearly v. Cearly*, 544 S.W.2d 661 (Tex. 1976), the opinion of the Court leaves no doubt that under Texas law, military retirement pay is property.

"The same characterization of community property was first given to military retirement benefits by this Court in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), which approved a holding in *Kirkham v. Kirkham*, 335 S.W.2d 393 (Tex.Civ.App. 1960, no writ), that 'the military retirement pay account was not a gift or gratuity but an earned property right which accrued to him by reason of his years in military service; the military retirement pay account was earnings of the husband during marriage, and as such, community property.' This Court also cited with approval similar holdings in *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.1968, writ dism'd); *Webster v. Webster*, 442 S.W.2d 786 (Tex.Civ.App.1969, no writ); *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969); *Morris v. Morris*, 69 Wash.2d 506, 419 P.2d 129 (1966). Other cases with similar holdings are *Ables v. Ables*, 540 S.W.2d 769 (Tex.Civ.App.1976, no writ); *Freeman v. Freeman*, 497 S.W.2d 97 (Tex. Civ.App.1973, no writ); and *Miser v. Miser*, 475 S.W.2d 597 (Tex.Civ.App.1971, writ dism'd)."

Military retirement pay, then, is not "current wages," but is property and is not

exempt from garnishment. However, in the case before us, we reverse the judgment of the trial Court because the procedure followed was violative of the due process rights of John Richard Fleming in that it was a prejudgment garnishment; also, it was carried out under an unconstitutional statute.

■ Appellee brought this action against the United States Government seeking to garnish her former husband's military retirement pay. She alleged that she was divorced from John Richard Fleming in the District Court for El Paso in 1971; that by such judgment her former husband was ordered to pay $100.00 per month child support; that she had received no child support since October of 1973; and that the total in such arrearage of child support was the sum of $4,170.00. The former husband, John Richard Fleming, was not named as a party and nothing appears in the record to show that he was ever in any way notified of this claim against him. Whether or not the former husband is in arrears in the amount of $4,170.00 has never been judicially determined; it has not been put in issue between the one claiming it and the one obligated to pay it, and the former husband has not had the opportunity to defend against such claim. To the contrary, the claim is made against a third party, the United States Government, which answered that it was without sufficient knowledge to admit or deny that the ex-husband, John Richard Fleming, had failed to provide child support since October, 1973, in the accrued amount of $4,170.00.

The Supreme Court of Texas very recently ruled in the case of *Smith v. Bramhall,* 563 S.W.2d 238, 1978:

"The application for writ of error is denied with the notation, 'Refused. No Reversible Error.' Our action should not be interpreted as approving the conclusion of the Court of Civil Appeals that 'unpaid child support is. . . . a debt for which judgment may be taken.' 556 S.W.2d 112, 113. Section 14.09(c) of the Texas Family Code provides only that unpaid child support may be reduced to judgment and enforced by the same means as a judgment for a debt, not that such sums are debts."

The allowance by the trial Court of this prejudgment claim in the amount of $4,170.00 is void as an unconstitutional taking of property under *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, rehearing denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). Without any notice to the former husband, the Court has made a finding that the former husband is in arrears and ordered a third party to turn over property belonging to him to satisfy that finding. That is the procedure condemned as violative of due process under *Fuentes v. Shevin,* supra. The Texas Rules of Civil Procedure have since been changed and now provide for notice in such situations. (Rule 663a.) This case was brought prior to the amendment of the Rules of Civil Procedure affecting garnishment in Texas.

In *Southwestern Warehouse Corporation v. Wee Tote, Inc.,* 504 S.W.2d 592 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ), the Court held a portion of the Texas prejudgment garnishment statute unconstitutional. That is Article 4084, Tex.Rev.Civ. Stat.Ann., and the Court, in its opinion, discusses the relevant Texas Rules of Civil Procedure with regard to the applicability of the standard of *Fuentes v. Shevin,* supra.

■ The entire proceedings before us are almost all foreign to the requirements of our statutes and rules relating to garnishment, yet the sole point on appeal made by the garnishee does not touch on any of the obvious defects for which the Appellee is responsible. However, we believe that the absence of John Richard Fleming from the case because of lack of notice results in the absence of an indispensable party and presents fundamental error which we are required to notice. *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891 (Tex.1966). As pointed out by that authority, jurisdiction over an indispensable party to a suit is as essential to the Court's right and power to proceed to judgment as is jurisdiction of the subject matter. See

*Crickmer v. King,* 507 S.W.2d 314 (Tex.Civ. App.—Texarkana 1974, no writ).

It was because of lack of notice to the Defendant/debtor and lack of hearing before the issuance of the writ that certain of the Rules of Civil Procedure relating to garnishment and Article 4084, insofar as it froze the property without notice and before judgment on the original claim, were declared unconstitutional. *Southwestern Warehouse Corporation v. Wee Tote, Inc.,* supra. That case was limited to prejudgment garnishment proceedings.

This is how we classify the present proceeding. Section 14.09(c), Tex.Family Code Ann., now enables the Appellee to reduce the claim for child support to judgment and provides that the judgment may be enforced by any means available for the enforcement of judgments of debt. In this case, the claim for child support was reduced to judgment without any notice to the one obligated to pay it. Judgment without notice is the vice of this case.

Since certain of the garnishment Rules of Civil Procedure have now been amended to remove the constitutional defects, this case is reversed and is remanded to the trial Court to enable the Appellee to proceed under the amended rules effective January 1, 1978.