UNITED STATES of America,
Appellant,

v.

Maria T. MIRANDA, Appellee.

No. 16173.

Court of Civil Appeals of Texas,
San Antonio.

April 4, 1979.

Jamie C. Boyd, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, for appellant.

Klein & Barenblat, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is a garnishment case. Here, Maria T. Miranda, appellee, sued the United States, appellant, to garnish her ex-husband's military retirement benefits to enforce a judgment for child support. The trial court entered judgment that appellee recover $1,510.24. This amount is not disputed by appellant.

That sole question presented by this case is whether military retirement pay is current wages for personal service and not subject to garnishment under Article 16 of the Texas Constitution. Section 28 of Article 16 provides, "No current wages for personal service shall ever be subject to garnishment." Tex.Const. art. XVI, § 28.

We agree with the trial court that the military retirement benefits due the ex-husband are subject to garnishment under Texas law because they are not current wages for personal service. Appellant contends that the salary received by a retired member is not only paid to compensate for past services, but is also a means to assure his availability for future contingencies. Therefore, retirement pay should be considered for the purpose of garnishment in the same light as payments made to military members on active duty. We are not aware that only persons drawing military retirement pay are available for future contingencies. All able-bodied citizens are available whether they receive retirement pay or not.

Two Texas cases have held that retirement pay is not current wages for personal service under the Texas Constitution and is subject to garnishment. *United States v. Wakefield*, 572 S.W.2d 569 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *United States v. Fleming*, 565 S.W.2d 87 (Tex.Civ. App.—El Paso 1978, no writ). We agree with the following statement of the court of civil appeals in *Wakefield*:

Military retirement pay is based on the serviceman's length of service and base pay upon retirement. It is not based on what the military perceives to be the present value of a retiree standing by for possible recall. The retirement benefits are paid for a period of time in which the retired serviceman was not recalled. Should he be recalled he would receive active duty pay instead of retirement pay. The retired serviceman receives retirement benefits because of his past military service, not because he is presently standing by waiting to be recalled. Therefore, the fact that he is standing by

is not controlling and military retirement pay is not current wages under Texas law.

572 S.W.2d at 572.

The judgment of the trial court is affirmed.