**Aurora G. WAGAR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16186.

Court of Civil Appeals of Texas, San Antonio.

May 23, 1979.

Rehearing Denied June 13, 1979.

Sam C. Bashara, San Antonio, for appellant.

Harold O. Atkinson, Asst. U.S. Atty., for appellee.

Donald J. Walheim, San Antonio, for intervenor Gilbert L. Wagar.

KLINGEMAN, Justice.

This case arises from a denial of prejudgment garnishment of military retirement pay. Aurora G. Wagar filed an application for a writ of garnishment in the district court of Bexar County, Texas, against the United States of America to collect child support arrearage allegedly owed by her ex-husband, Gilbert L. Wagar, a nonresident of Texas. Mr. Wagar intervened in the suit. Trial was to the court which, after a hearing, entered judgment quashing the application for writ of garnishment.

The record contains a brief statement of facts, a substantial portion of which is a discussion between the court and the attorneys for the parties. In addition there is a volume of exhibits referenced to the statement of facts. It appears from one of the exhibits that Aurora G. Wagar and Gilbert L. Wagar were divorced in Bexar County, Texas, by decree entered on January 10, 1977. In the decree Mrs. Wagar was named managing conservator of the two minor children of the marriage and Mr. Wagar was appointed possessory conservator. Mr. Wagar was ordered to make child support payments of $100 per month per child. Community property was divided between the parties, with Mrs. Wagar receiving certain property as her sole and separate property. Mr. Wagar also received certain property as his sole and separate property under the decree, including "all rights, title and interest in and to any retirement benefits which have accrued or will hereinafter accrue with the United States Government" as a result of his military service. The division of community property is not here disputed.

In addition to a copy of the divorce decree, the volume of exhibits contains copies of numerous bank money orders paid by Mr. Wagar, some in the amount of $100 and others in the amount of $200. Some of the money orders are payable to Aurora Wagar; others are payable either to Fulton County Support Collection Unit, or to New York State Division of Probation. The exhibits also include a child support payment record of the Bexar County Child Support Section. It appears from the statement of facts that an order of a New York court, which purportedly reduced the child support payments, was offered into evidence by appellee and was objected to by appellant with a court ruling that it would take judicial notice of the file and give it proper weight.

On appeal, Aurora G. Wagar's sole point of error is that the trial court erred in denying her application for writ of garnishment. Her contentions under this point are two-fold. First, she urges that the trial court incorrectly held that military retirement benefits constitute "current wages" and, as such are exempt from garnishment under Texas law.[1] While we find nothing in the record before us to indicate the trial court based its decision on such theory, we agree that if the court did so hold, such holding as to "current wages" is incorrect. This question has been passed on in at least four recent Texas decisions and all have held to the contrary. *United States v. Miranda*, 581 S.W.2d 711 (Tex.Civ.App.—San Antonio 1979); *United States v. Wakefield*, 572 S.W.2d 569 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *United States v. Fleming*, 565 S.W.2d 87 (Tex.Civ.App.—El Paso 1978, no writ); *United States v. Stelter*, 553 S.W.2d 227 (Tex.Civ.App.—El Paso 1977), *rev'd on other grounds*, 567 S.W.2d 797 (Tex.1978).[2] Second, appellant argues that

---

1. Current wages for personal services are not subject to garnishment in the State of Texas. Tex.Const. art. XVI, § 28; Tex.Rev.Civ.Stat. Ann. art. 4099 (Vernon 1966).

2. *Stelter* was reversed by the Supreme Court of Texas because the United States had not given its consent to be sued in the garnishment proceeding. *Stelter* was not a child support case. Rather, it was a suit by the ex-wife against the

child support arrearage is a "debt" within the meaning of the Texas Family Code and the Texas garnishment statutes, and a former spouse is not required to reduce the unpaid child support to judgment prior to bringing the garnishment action against the garnishee. She argues that such a procedure would be wasteful and time-consuming; would lead to a multiplicity of suits; and would constitute a totally unwarranted procedural barrier between needy children and defaulting fathers. We disagree. Appellant cites no authorities to support this contention, and we can find none. The Texas garnishment statutes set up a detailed and orderly procedure for garnishment proceedings [3] with which appellant did not comply. This noncompliance is not excused under any theory of procedural expediency.

Although appellant argues that child support arrearage is a debt within the meaning of the Texas Family Code, the Code does not so provide. Section 14.09(c) of the Code now enables a spouse to reduce unpaid child support to judgment, and provides that "[t]he judgment may be enforced by any means available for the enforcement of judgments for debts." The only expression we have found by the Supreme Court of Texas on this matter is in the recent case of *Smith v. Bramhall*, where the Court, in refusing the application for writ of error with the notation "no reversible error," noted:

> Our action should not be interpreted as approving the conclusion of the Court of Civil Appeals that 'unpaid child support is . . . a debt for which judgment may be taken.' [*Smith v. Bramhall*] 556 S.W.2d 112, 113. Section 14.09(c) of the Texas Family Code provides only that unpaid child support may be reduced to judgment and enforced by the same

means as a judgment for a debt, not that such sums are debts.

563 S.W.2d 238 (Tex.1978) (per curiam).

*United States v. Fleming*, 565 S.W.2d 87 (Tex.Civ.App.—El Paso 1978, no writ) contains a good discussion of prejudgment garnishment of military retirement benefits. As previously noted, *Fleming* held that military retirement pay is not "current wages," but is "property" and is not exempt from garnishment. Except for this holding, however, *Fleming* gives no support to appellant's other contentions as to the correctness of prejudgment garnishment proceedings involving military retirement benefits, and, in fact, holds that a claim for unpaid child support must first be reduced to judgment. *Id.* at 89.

A recent excellent discussion of garnishment proceedings involving unpaid child support stated that

> Article 14.09(c) of the Texas Family Code authorizes a judgment on child support arrearages to be enforced by any means available for the enforcement of judgments for debts—which would include garnishment. Only past due amounts over which a judgment has been obtained may be successfully garnished in Texas, so that a garnishee cannot be required to pay *future* monthly installments to the obligated party as the installments should fall due.

*See* Corrigan, *Garnishment of Federal Income for Child Support and Alimony Obligations in Texas*, 41 Tex.B.J. 245, 247 (1978) (emphasis original).

It is undisputed in the case before us that the alleged child support arrearage had not been reduced to judgment prior to the garnishment proceedings. The trial court heard conflicting claims by each of the parties and evidence on those claims. We have already set forth appellant's contentions. The United States, as appellee, urged

---

United States to garnishee a part of the military retirement pay which had been awarded to her in a divorce decree. In the present case, we have a garnishment proceeding by an ex-wife for alleged child support arrearage on the theory that it is a debt, without first reducing such arrearage to judgment.

**3.** Tex.Rev.Civ.Stat.Ann. arts. 4076–4099 (Vernon 1966 & Vernon Supp. 1978–1979); Tex.R. Civ.P. 657–679.

among other things that military retirement benefits were current wages and were not subject to garnishment under the Texas Constitution and Texas statutes. The ex-husband, as intervenor, asserted that he was not in arrears for any amount of child support payments. He further urged that appellant did not comply with the procedural requirements of the Texas garnishment statutes; that no valid judgment can be taken against the garnishee until judgment has been taken against the debtor; that appellant invoked the jurisdiction of the district courts of both Texas and New York under the Uniform Reciprocal Enforcement of Support Act;[4] that an order of the New York court is binding on appellant and the intervenor is in full compliance with the child support provisions of the New York court order. Finally, the intervenor argues that garnishment of monies which become due in the future is beyond the power of the garnishment process.

Without attempting to pass on all the conflicting claims and contentions of the parties, we hold that under the record before us the trial court did not err in quashing appellant's application for writ of garnishment. The judgment of the trial court is affirmed.

This holding is without prejudice to appellant to collect unpaid child support under any legal remedies available to her under proper procedure, including contempt proceedings, the Uniform Reciprocal Enforcement of Support Act, the Texas Family Code, and the Texas garnishment statutes.

4. This Act has been adopted in Texas in Chapter 21 of the Family Code.