**Leander Charles PERKINS, Appellant,**

v.

**Elizabeth Canavan PERKINS, Appellee.**

**No. 08–84–00391–CV.**

Court of Appeals of Texas,
El Paso.

May 29, 1985.
Rehearing Denied June 26, 1985.

Sam J. Dwyer, El Paso, for appellant.

Paul J. Kubinski, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

Within a year of her divorce, the former wife filed a Motion for Enforcement of Division of Property under Article 3827a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1985), for a clarification order and to reduce periodic payments to judgment. The trial court granted the requested relief and the former husband appeals. Although there is no statement of facts, findings of fact are contained in the judgment. We affirm.

Under the terms of the divorce decree, all pensions, retirement benefits and other benefits arising out of the husband's employment were awarded to him as his sole and separate property. The court found that the parties had agreed to periodic payments to be made from the husband to the wife, and it was therefore ordered that as a part of the division of the community property, the husband should pay to the wife $650.00 every ninety days with the first payment being due and payable on the first day of October, 1983. The payments were to continue until the wife reached the age of sixty-five years, at which time the payments would cease. Later, in place of the ninety-day payments, the parties agreed that the husband would pay to the wife the sum of $217.00 per month, and he did in fact pay her that sum through and including February 1, 1984. Since that date the husband failed to make any further payments and on May 8, 1984, she filed her motion for a turnover order, including her request to reduce periodic payments to judgment. The order appealed from was entered on September 6, 1984, and included findings that the husband had failed to make any payments from March 1, 1984, to August 1, 1984, and that he should have paid $1,519.00 for that period of time. The court thereupon awarded to the wife a money judgment in the amount of $1,519.00 against the husband pursuant to Section 3.74, Tex.Fam.Code Ann. (Vernon Supp. 1985).

By two points, the husband complains of the court's including in this money judgment the amount of payments that came due after the filing of the wife's motion for judgment. Here, the wife's pleadings were broad enough to give fair notice to the husband that she intended to ask for these additional payments if they were not paid. Further, since there was no statement of facts, we presume that the issue was tried by consent. Rules 67 and 90, Tex.R.Civ.P. The two points are overruled.

In the order complained of, the court found that pursuant to Sections 3.71 and 3.72, Tex.Fam.Code Ann., the wife was entitled to a clarification order that the husband be ordered to execute an allotment in the amount of $217.00 per month with the United States Civil Service to be paid directly to her, and in the event she did not receive direct payments from the United States Civil Service, then the husband would be deemed to be a trustee of any benefits or payments received by him which under the terms of the decree of the divorce were to be owed to her pursuant to Section 3.75, Tex.Fam.Code Ann. The court therefore ordered that the wife

should receive the sum of $217.00 of his disposable retired pay from the United States Civil Service beginning on October 1, 1984, and continuing monthly until February 17, 1986, at which time the wife would reach the age of sixty-five years and the payments would cease. The husband was ordered to execute an allotment with the Office of Personnel Management in Washington, D.C., in the amount of $217.00 payable to her on or before September 15, 1984, and he was further ordered not to cancel said allotment until she reached the age of sixty-five. Further, in the event she failed to receive direct payments from the United States Civil Service, then the husband would be trustee of any benefits or payments received by him which under the terms of this order would be owed to her. In that connection, it was ordered that the husband should pay any benefits or payments received by him that were owed to her under this order to her on or before three days from the date such benefits or payments were received by him. Finally, she was permitted to cause a copy of this order to be served upon the appropriate agent of the Office of Personnel Management for the purpose of having the Office of Personnel Management pay the amounts provided for in this order directly to her.

By final point, the husband complains of the action of the court in making this order, as he contends that the court had no authority to deem him a trustee of any benefits that he might receive from the United States Civil Service in the event she failed to receive direct payments pursuant to Section 3.75, Tex.Fam.Code Ann. He then contends that the court had no authority under Sections 3.74 or 3.75 to order an allotment and the court's action amounted to a garnishment which was illegal under the Tex.Const. art. XVI, sec. 28. The husband's final argument is that the court had no authority to enter a money judgment because Section 3.74 only applied after September 1, 1983, the effective date of that statute.

■ As to the argument that Section 3.75 cannot be used to reduce to money judgment payments arising on decrees rendered before the statute became effective, we note that there is no language in the section or within Subchapter D "Enforcement" which indicates that Section 3.70 through 3.77 can only apply to judgments after September 1, 1983. All payments which the court reduced to judgment arose after the date of the statute and we overrule the husband's contention.

■ Regarding the argument that the court's action amounted to garnishment, contrary to the terms of Article XVI, sec. 28, of the Constitution, this Court has previously held that military retirement pay is not "current wages" within the constitutional article, but that such pay is "property" and is not exempt from garnishment. *United States v. Fleming*, 565 S.W.2d 87 (Tex.Civ.App.—El Paso 1978, no writ). Based on the reasoning made in the *Fleming* opinion, we hold that the civil service retirement benefit before us is also "property" and is not exempt from garnishment. See also: *Wagar v. United States*, 582 S.W.2d 896 (Tex.Civ.App.—San Antonio 1979, no writ); *United States v. Miranda*, 581 S.W.2d 711 (Tex.Civ.App.—San Antonio 1979, no writ).

■ As to the final part of the argument complaining of the forced assignment and the appointment of the husband as the trustee for the benefit of the wife, Article 3827a(a) provides:

A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

The statute obviously proscribes considerable equitable assistance to the collection of judgments and the statute seems to overcome the age-old barrier between legal writs and aid in equity. See: Creditor's Rights, 35 Baylor L.Rev. 341 (1983). The

quoted statute seems to apply here, as the wife has a right to monies from the husband which cannot readily be attached or levied by ordinary legal process and which are not exempt from attachment, execution and other type of seizure for the satisfaction of the debt. The court calls upon the aid of equity in appointing the husband trustee to hold those monies which belong to the wife.

Article 3827a(c) provides that the court may appoint a receiver of the property of the debtor with the power and authority to take possession of and sell the nonexempt property and to pay the proceeds to the judgment creditor. Appointing the husband as the trustee is not as drastic as would be the appointment of a third party receiver. Apparently it was made clear to the trial court that the husband's monies could not be readily attached. Article 3827a was designed to aid a judgment creditor who found herself in such a predicament. See: *Hennigan v. Hennigan,* 666 S.W.2d 322, 324 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e., 677 S.W.2d 495). The trial court has attempted to enter an order where the husband, as the owner of future rights to property which cannot be readily attached or levied on, will hold and pay those monies as a trustee for the benefit of the wife. A failure by the husband to comply with the order may subject him to those processes which are peculiar to equity.

The judgment of the trial court is affirmed.