**Kazue Inui STUBBE, Petitioner,**

v.

**Marvin Merlin STUBBE, Respondent.**

No. C–5492.

Supreme Court of Texas.

July 1, 1987.

Pierre A. Kleff, Jr., Killeen, for petitioner.

Harold O. Atkinson, Ass't U.S. Atty., San Antonio, for respondent.

MAUZY, Justice.

Kazue Stubbe and Marvin Stubbe were divorced on March 8, 1982. The parties entered into an agreement incident to divorce which provided in part for "support of spouse" payments. This agreement was approved by the court and incorporated into the divorce decree. When Marvin Stubbe failed to meet his support obligation under the agreement, Kazue filed an action for arrearages in the support payments. This action was resolved a month later when the district court signed an agreed judgment against Marvin for $16,400. Shortly thereafter, Kazue sought to enforce the judgment by instituting garnishment proceedings against the Department of the Army to garnish Marvin's military retirement pay. The Army filed a motion to quash the application for garnishment, claiming governmental immunity. The trial court granted the Army's motion June 19, 1985. The court of appeals affirmed the action of the trial court, holding "that

the waiver of immunity to garnishment contained in § 659(a) does not extend to actions to enforce a 'contractual alimony' obligation that is not based on a court order." 710 S.W.2d 673, 678. We disagree.

■ The United States Congress has provided for a waiver of governmental immunity to garnishment actions brought for the enforcement of obligations to provide child support or make alimony payments. 42 U.S.C. § 659 (1983). Thereafter, the term "alimony" is defined in § 662 which, in pertinent part, provides:

> The term "alimony", when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; ... when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction.

This definition, on its face, is not a restrictive, exclusive one as it "includes but is not limited to" a variety of obligation formats. It does not expressly nor impliedly mandate a court order. Rather, the statute provides that such obligations as fall within the realm of alimony are those which are "subject to and in accordance with State law" and which "are expressly made recoverable as such pursuant to a decree, order, *or* judgment issued in accordance with applicable State law by a court of competent jurisdiction." (Emphasis added). 42 U.S.C. 662(c) (1983).

■ Further, if the statute were limited to court ordered alimony, Texas would be excluded from the federal waiver of immunity. Court ordered alimony, available in most other jurisdictions, is not available in Texas as it contravenes Texas public policy. *Francis v. Francis*, 412 S.W.2d 29 (Tex. 1967). However, the Texas legislature has approved agreements for spousal support and maintenance in Tex.Fam.Code Ann. § 3.631 (Vernon Supp. 1987). This statute provides further that if the court approves the agreement, it may set forth the agreement in full or incorporate it by reference in the decree of divorce. The Stubbes' agreement for spousal support was approved by the court and incorporated into the decree. As the agreement for spousal support is clearly in accordance with state law (Tex.Fam.Code Ann. § 3.631) and the obligations thereunder are made recoverable pursuant to the decree issued in accordance with applicable State law by a court of competent jurisdiction, it meets the federal definition of alimony, 42 U.S.C. § 662(c), and is enforceable against the United States Government (Department of the Army) pursuant to 42 U.S.C. § 659 (1983). We reverse the judgment of the court of appeals and remand this cause to the trial court for proceedings consistent with this opinion.

RAY, J., dissents.

RAY, Justice, dissenting.

I respectfully dissent. I would hold that Congress has not waived the federal government's immunity to garnishment when such actions are based on "contractual alimony" agreements.

The definition of "alimony" contained in 42 U.S.C. § 662(c)(1982) does not encompass and was never intended to encompass obligations assumed voluntarily. Although § 662(c) is arguably broad enough to cover "contractual alimony," such obligation must be "expressly made recoverable ... pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction...." *Id.* The fact that the divorce decree approved and incorporated the agreement incident to divorce containing the "support of spouse" provision does not change the nature of Marvin Stubbe's obligation. It remains a contractual obligation undertaken in a consensual agreement and not *"expressly made recoverable ... pur-*

*suant to a decree, order, or judgment
....*" *Id.* (emphasis added).

I would therefore affirm the judgment of the court of appeals.