**Howard T. CAIN, Appellant,**

v.

**Yung R. CAIN, Appellee.**

No. 08–87–00118–CV.

Court of Appeals of Texas, El Paso.

Feb. 10, 1988.

Rehearing Denied March 9, 1988.

John Mundie, Miranda & Boyaki, El Paso, for appellant.

Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a turnover order entered to require payments in accordance with an agreement between these parties which was incorporated into a divorce decree and subsequently reduced to a money judgment. The order was directed to sums Appellant receives as military retirement pay and teacher retirement pay. We affirm.

Howard and Yung Cain were divorced in December 1981. He was ordered to make periodic payments to the Appellee in accordance with an agreement incident to divorce. In February 1985, she obtained a judgment for $84,300.00 plus interest and costs as a result of the Appellant's failure to comply with the divorce decree. This Court affirmed that judgment in an unpublished opinion. *Cain v. Cain*, No. 08–85–00124–CV (January 22, 1986). In order to collect that judgment, Appellee filed this suit for relief under Civil Practice and Remedies Code, sec. 31.002, seeking to require Appellant to turn over to her all payments which he would receive as retirement benefits until the judgment was fully

satisfied. After a trial to the court, an order was entered requiring Howard Cain to turn over to Yung Cain his entire disposable military retirement or retainer pay within ten days of the receipt of such funds. A similar provision required him to turn over all checks from the Texas Teachers' Retirement System within ten days of the receipt of such checks. No complaint is made that the order requires payment directly to the judgment creditor. See: *Ex parte Johnson*, 654 S.W.2d 415 (Tex.1983).

By separate points of error, Appellant contends the trial court erred in ordering a turnover of his military retirement pay and his teacher retirement pay. The basic argument is that his retirement pay is exempt from attachment to pay general creditors and it is not subject to the turnover statute to collect a debt arising out of a divorce decree.[1] The turnover statute, Civil Practice and Remedies Code, sec. 31.002, provides a judgment creditor may obtain injunctive relief to obtain satisfaction on a judgment if the judgment debtor owns property that cannot readily be attached or levied on by ordinary process and is not exempt from attachment, execution or seizure for the satisfaction of liabilities.

First, we note that this case does not involve attachment, garnishment or other collection procedures against those entities which owe retirement benefits to Howard Cain. The procedure used in this case only involves funds after they are received by him. No effort has been made to require that either governmental agency pay retirement benefits directly to Yung Cain. (We note that after considerable time, the Appellee has been able to get the United States Army to pay one-half of the Appellant's net disposable retirement pay, as provided for in the order of February 8, 1985, starting in September 1987.) See: *Stubbe v. Stubbe*, 733 S.W.2d 132 (Tex.1987).

Second, we note that once wages are paid to and received by a wage earner,

---

1. Since the entry of the court's order on Texas Independence Day, 1987, Texas Property Code, sec. 42.0021, has become effective. See K. Hall, Retirement Benefits: Texas Property Code

Amendment, 50 Texas B.J. 993 (1987). We would reach the same results in this case even if this statute were effective when the order was entered.

they cease to be current wages, and the exemptions for current wages as provided for in the Texas Constitution, art. 16, sec. 28, and the Texas Property Code, sec. 42.-002(8), do not apply. *Salem v. American Bank of Commerce,* 717 S.W.2d 948 (Tex. App.—El Paso 1986, no writ); and *Sloan v. Douglass,* 713 S.W.2d 436 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

■ Third, we note that military retirement pay has been classified as "property" and not current wages, and it is subject to garnishment. *Wagar v. United States,* 582 S.W.2d 896 (Tex.Civ.App.—San Antonio 1979, writ dism'd); *United States v. Miranda,* 581 S.W.2d 711 (Tex.Civ.App.—San Antonio 1979, no writ); *United States v. Fleming,* 565 S.W.2d 87 (Tex.Civ.App.—El Paso 1978, no writ). Also see: *Perkins v. Perkins,* 690 S.W.2d 706 (Tex.App.—El Paso 1985, writ ref'd n.r.e.).

■ We conclude that the argument that military retirement pay is exempt and not subject to orders under the turnover statute cannot be sustained. Neither can we uphold the contention that any enforcement orders are limited to fifty percent of the disposable pay under the Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. sec. 1408(e)(1). We are not now dealing with a court order which directs a military service Secretary to pay a portion of a retiree's pay to a former spouse. This appeal is from an order which directs payment by the retired serviceman after payment is made by the Army. In *Grier v. Grier,* 731 S.W.2d 931 (Tex.1987), the Court concluded that FUSFSPA was intended only as a limit on the amount of disposable retired pay which can be garnished and paid out by the service Secretary pursuant to court orders.

■ We also reject Appellant's claim that this order under the turnover statute was a modification of the property division in the divorce decree in violation of Tex. Fam.Code Ann. sec. 3.71(b). This Court held in the prior appeal that the money judgment did not modify the divorce decree. That became the law of the case. Further, we note that the turnover order did not modify either the divorce decree or the money judgment; it only provided a procedure to collect the money judgment. Tex.Fam.Code Ann. sec. 3.74(c) provides that a money judgment rendered under Section 3.74 may be enforced by any means available for the enforcement of a judgment for debt. See: *Bowden v. Knowlton,* 734 S.W.2d 206 (Tex.App.—Houston [1st Dist.] 1987, no writ).

■ Likewise, the order does not violate the doctrine of res judicata. Neither the divorce decree nor the money judgment involved the issues raised in the suit brought for injunctive relief under the turnover statute. In addition, this defense was not affirmatively plead as required by Rule 94, Tex.R.Civ.P., and has been waived. *Layton v. Layton,* 538 S.W.2d 642 (Tex. Civ.App.—San Antonio 1976, writ ref'd n.r. e.). Point of Error No. One is overruled.

With regard to teacher retirement pay, Title 110B, Public Retirement Systems, sec. 31.005, provides:

> All retirement allowances, annuities, refunded contributions, optional benefits, money in the various retirement system accounts, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and municipal taxation, sale, levy, and any other process, and are unassignable.

Again, we note that no effort has been made to obtain the teacher retirement funds from the retirement system. The funds were ordered delivered to the wife only after they had been received by the Appellant.

In *Morgan v. Horton,* 675 S.W.2d 602 (Tex.App.—Dallas 1984, no writ), the court held that the exemption statute did not prevent a partition between spouses of teacher retirement benefits acquired during marriage. The court relied upon the decision in *Collida v. Collida,* 546 S.W.2d 708 (Tex.Civ.App.—Beaumont 1977, writ

dism'd). That case had affirmed a judgment awarding a wife one-half of monthly benefits payable under the Fireman's Relief and Retirement Fund, which had a similar exemption provision. In a concurring opinion, Justice Keith in the *Collida* case said:

> I submit that the statutory provisions exempting funds in the retirement systems from forced seizure were designed to secure the pensioner and his family from improvidence and want. Such provisions were not designed to aid a member in excaping his lawful obligations to his wife and children. Such has been the holding in other states and may very well become the law in Texas in an appropriate case. See, e.g., *Fischer v. Fischer*, 13 N.J. 162, 98 A.2d 568, 570 (1953); *Courtney v. Courtney*, 251 Wis. 443, 29 N.W.2d 759, 762 (1947); and *Mahone v. Mahone*, 213 Kan. 346, 517 P.2d 131, 133 (1973).

■ Certainly there seems little reason to hold that once the payment has been made to the retiree, it is protected from a creditor. If the check were deposited, the account would be subject to garnishment proceedings. If stock were purchased, it would be subject to attachment proceedings. If land were purchased, it would be subject to foreclosure upon the filing of an abstract of judgment and the attachment of a judgment lien. Why then should the funds be protected when received but not protected when invested or spent? We conclude they should not. If the debt is just and the funds are available to pay the debt, obviously the legislature intended to provide a remedy to prevent either the use or concealment of those funds. Texas will move out of the Twentieth Century not as a "debtor's state" but as a state where just debts can be collected under the turnover statute. The trend in the last five years has been to see that fathers pay child support as required and ordered by the courts. See: Tex.Fam.Code Ann. secs. 14.05, 14.09 and 14.091 as amended by the 68th Session of the Texas Legislature in 1983; and Tex.

Fam.Code Ann. secs. 14.05 and 14.40–14.43 as amended by the 69th Session of the Texas Legislature in 1985; and Tex.Fam. Code Ann. secs. 11.11, 14.05, 14.31, 14.40 and 21.01–21.43 as amended by the 70th Session of the Texas Legislature, Second–Called Special Session, in 1987. The rights under the turnover statute reflect that trend and provide a way whereby a former wife may recover benefits awarded to her in a divorce decree. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

The Appellant in his Motion for Rehearing, which contains no points "distinctly specified" as required by Tex.R.App.P. 100(a) argues that our "opinion is tantamount to judicial legislation."

We did not conceive nor pass the turnover statute. The legislature has known for more than fifty years that it has been the law of this state that the "current wages" exemption did not apply to funds once they had been paid to a wage earner. For at least ten years military retirement pay has been classified by the courts of this state as "property" and not as current wages. The legislature knows how to provide a period for protection even after funds are paid.

In *Sutherland v. Young*, 292 S.W. 581 (Tex.Civ.App.—Waco 1927, no writ), the court analyzed the lack of protection for wages after they are paid as compared to proceeds from the sale of a homestead and said:

> Our Constitution and laws exempt to the head of each family the homestead, and our Supreme Court held that, immediately upon the homestead being sold and converted into cash, the funds derived therefrom lost their exemption and became subject to the payment of debts due by the head of the family. *Mann v. Kelsey*, 71 Tex. 609, 12 S.W. 43, 10 Am.

St.Rep. 800; *Kirby v. Giddings,* 75 Tex. 679, 13 S.W. 27. In order to enable a person to sell his home and invest in another, the Legislature, in 1897, passed a statute which exempted the proceeds of a voluntary sale of the homestead for six months. Article 3834, Revised Statutes 1925. If the Legislature desires to exempt the wages after same have been collected and put under the control of the wageearner [sic] for a definite length of time, as it did the proceeds from the voluntary sale of the homestead, it can do so. It is, however, the duty of the courts to construe the law, and it is not their prerogative to enact legislation.

If the legislature believes that former wives should not collect the amounts their former husbands have agreed to pay to them, it may provide protection to those husbands; but until it does so, we will apply the provisions of the turnover statute as enacted. That is not "judicial legislation." For the same holding, see *Barlow v. Lane,* 745 S.W.2d 451 (Tex.App.—Waco 1988).

Basically the exemption statutes, such as applied to teacher retirement pay, were enacted to provide that an employee may build up a fund from which to draw benefits after a given period of employment or the attainment of a given age, and to provide that since those funds are not subject to disposition by the employee until retirement, they should not be subject to the disposition of the employee's creditors. That exemption is not a lifelong exemption from one's debts. Once the funds are paid to the employee, the funds become "fair game" for the creditor and the turnover statute only provides a procedure whereby a creditor gets a "shot" at that "game."

The Motion for Rehearing is overruled.